**E-FILED**
Wednesday, 06 February, 2008  04:07:57 PM
Clerk, U.S. District Court, ILCD



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

**GREGORY McCLENTON,**
        **Plaintiff,**

        **vs.**               **06-2033**

**ROGER WALKER, JR., MELODY**
**FORD, BLAIR LEIBACH, JOHN**
**CHAMBERS, MARY MILLER,**
**WEXFORD HEALTH SOURCES,**
        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

    Before the court are the defendant, Wexford Health Sources, Inc.'s unopposed motion to take the deposition of Gregory McClenton [43] and motion to dismiss [44] and the defendants, Roger Walker, Melody Ford, Blair Leibach, John Chambers and Mary Miller's unopposed motion for sanctions [47].

    In its motion to take the deposition of Gregory McClenton, Wexford Health Sources, Inc., advises the court that McClenton was scheduled to be discharged from the Illinois Department
of Corrections on May 31, 2007 and that the defendant had scheduled Mr. McClenton's deposition for May 15, 2007, a date in which Mr. McClenton would still be in the custody of the Illinois Department of Corrections.  The defendant also advised this court that if the plaintiff objected  to his deposition taking place on May 15, 2007, while he is still incarcerated, then the defendant would notice the plaintiff's deposition at some point prior to the discovery cut off date of July 16, 2007, at the law offices of Heyl, Royster, Voelker & Allen, Springfield, Illinois.  The defendant requested that this court allow it leave to depose the plaintiff.

    In its unopposed motion to dismiss [44], defendant Wexford Health Sources, Inc. advises the court that it noticed the deposition of the plaintiff for Tuesday, May 15, 2007 at 11:00 a.m., since the plaintiff, McClenton was to be discharged from the Illinois Department of Corrections on May 31, 2007.   The plaintiff filed an objection to the defendant's notice of deposition claiming that defense counsel failed to seek leave of court.  Defense counsel, relying on the plaintiff's representation, immediately filed a motion for leave to depose the plaintiff while he was incarcerated with the Illinois Department of Corrections [43].  After submitting the motion for leave to depose Mr. McClenton, counsel for Wexford advises the court that it was brought to counsel's attention that the court's scheduling order dated March 8, 2006 [6], ordered that counsel for defendant was granted leave to depose the plaintiff at his place of confinement.

1

In its motion to dismiss, Wexford advises the court of the following:  Counsel for Wexford Health Sources, Inc. and the assistant attorney general, Mr. Michael J. Lanzdorf, attorney for the remaining co-defendants, appeared on May 15, 2007 at the Danville Correctional Center, the location where Mr. McClenton was confined for purposes of conducting the plaintiff's deposition.  At the commencement of Mr. McClenton's deposition, however, he indicated he refused to give his deposition and indicated that he was going to obtain counsel. Mr. McClenton also submitted a written objection dated May 15, 2007 again stating that defense counsel did not obtain leave of court. (See attached Exhibit 3 and Plaintiff's deposition transcript, page 5, attached as Exhibit 4 [44].)  Despite the plaintiff's objection, defense counsel attempted to conduct the deposition of Mr. McClenton pursuant to the court's March 8, 2006 order.  The plaintiff answered general background questions, but when a question was presented regarding his allegations against Wexford Health Sources, Inc., Mr. McClenton stated, "I object to everything you are going to say, so it wouldn't matter.  It will just be - - something you just be saying because I'm not going to say anything else."  Mr. McClenton further stated that "without proper counsel, I'm not going to answer no (sic) questions about my lawsuit." (See Plaintiff's transcript, Exhibit 4, pages 7 and 8 [44].)  Defense counsel then pointed out to Mr. McClenton that, to date, he had filed his lawsuit and answered interrogatories on his own behalf without the assistance of a lawyer. (See Plaintiff's transcript, attached as Exhibit 4, page 8 [44].)  The plaintiff then acknowledged that he was refusing to answer any questions presented by counsel and co-counsel for Wexford despite the court's order. (See Plaintiff's transcript, attached as Exhibit 4, page 9 [44].)  Co-Counsel, Mr. Lanzdorf, also indicated, for the record, that on May 3, 2007, he sent a letter to Mr. McClenton informing him that valid notice of the deposition had been sent and that the court had granted an order pursuant to its March 8, 2006 scheduling order. (See attached Exhibit 5 [44]).  Despite this notification and proper notice, the plaintiff refused to participate in his deposition.  The defendant prays that this court enters an order requiring the plaintiff to pay the defendant the costs of the appearance fee for the court reporter, as well as the attorney's fees and costs related to travel and time in relation to the plaintiff's properly noticed deposition.

In their motion for sanctions pursuant to Fed. R. Civ.Pro. Rule 37(b) and (d) [47], the defendants, Roger Walker, Melody Ford, Blair Leibach, John Chambers and Mary Millers state the following:  On March 8, 2006, the court ordered that counsel for defendants were granted leave to depose the plaintiff at his place of confinement.  Counsel for Wexford Health Sources, Inc. noticed the deposition of the plaintiff for Tuesday, May 15, 2007, at 11:00 a.m., at the plaintiff's then place of confinement, Danville Correctional Center.  The defendants' counsel and counsel for Wexford Health Sources, Inc., appeared at Danville Correctional Center on May 15, 2007, for the purposes of conducting the plaintiff's deposition.  The plaintiff refused to have his deposition taken on May 15, 2007.  The plaintiff acknowledged that he was refusing to answer any questions pertaining to his lawsuit despite the court's order.  These defendants assert that pursuant to Federal Rule Civ. P. 37(b) and (d), the plaintiff's failure to appear at his own deposition may be sanctioned by dismissal of his claim.  Further, these defendants request that this court grant their motion for sanctions and enter a sanction dismissing the plaintiff's lawsuit, with prejudice, and grant such other relief as the court deems equitable and just.

2

On August 1, 2007, this court ordered the plaintiff to show good cause why he refused to have his deposition taken on May 15, 2007 by August 13, 2007. The plaintiff was forewarned that if he failed to show good cause why he refused to have his deposition taken on May 15, 2007, the defendants' motion for sanctions will be summarily granted.  On August 1, 2007, the court extended the discovery deadline to September 14, 2007 and extended the dispositive motion deadline to September 24, 2007.   The plaintiff has failed to show good cause, he does not oppose the defendants' motions, and further, the plaintiff has not shown any interest in his lawsuit since April 23, 2007.

**Discussion**

The court agrees with the defendants.  The plaintiff's refusal to participate in his deposition is, in essence, a failure to appear.

Pursuant to Rule 30(a)(1), a party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph 2.

Pursuant to Federal Rule 30(b)(1):

A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined....

As referenced in the motion to dismiss, the plaintiff was provided with appropriate notice pursuant to this rule concerning the time and location of his deposition.

According to Federal Rule 30(g)(1):  If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

In addition, pursuant to Federal Rule 37(b) entitled "Failure to Comply with Order":

(1) Sanctions by Court in District Where Deposition is Taken.  If the deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.

(2) Sanctions by Court in Which Action is Pending.  If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an

order made under subdivision (a) of this Rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regards to the failure as are just, and among others the following:

> (A) In order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

> (D) In leu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

> (E) Where a party has failed to comply with an Order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision unless the party failing to comply shows that that party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Federal Rule 37(d), entitled "Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection"also provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with proper notice..., the Court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of

4

subdivision (b)(2) of this rule....

As outlined in Wexford's motion to dismiss and the state defendants' motion for sanctions, the plaintiff, McClenton failed to comply with a request for his deposition pursuant to appropriate notice and as ordered by the court on March 8, 2006.  Federal Rule 37(b) and (d), provides that plaintiff's failure to appear at his own deposition may be sanctioned by dismissal of his claim.  Therefore, as this plaintiff has failed to take an interest in his lawsuit by failing to participate in his deposition, this court sanctions him by dismissing his lawsuit, with prejudice, pursuant to Federal Rule 37(b) and (d).  Further, the court agrees with Wexford that as a matter of public policy, it is not appropriate for a defendant to spend time and money in defending a suit filed by a plaintiff who refused to prosecute and participate in his own case.  Therefore, the court awards the defendants reasonable expenses, including attorneys' fees, caused by the plaintiff's failure to participate in his deposition and failure to comply with the court's order.

**Based on the foregoing:**

1.    **Defendants' motion to take the deposition of Gregory McClenton [43] is rendered moot.**
2.    **Pursuant to Fed. R. Civ. Pro. Rule 37(b) and (d), the defendant, Wexford's unopposed motion to dismiss [44] is granted.**
3.    **Pursuant to Fed. R. Civ. Pro. Rule 37(b) and (d), the defendants, Roger Walker, Melody Ford, Blair Leibach, John Chambers and Mary Miller's unopposed motion for sanctions [47] is granted.**
4.    **Pursuant to Fed. R. Civ. Pro. Rule 37(b) and (d), the plaintiff's lawsuit is dismissed, with prejudice, in its entirety for refusing to have his deposition taken.**
5.    **The plaintiff is ordered to reimburse the defendants' the costs of the appearance fee for the court reporter, as well as the attorney's fees and costs related to travel and time in relation to the plaintiff's properly noticed deposition.**
6.    **All remaining matters are rendered moot.  The clerk of the court is directed to terminate this lawsuit in its entirety.**

**Enter this    6th    day of February 2008.**


s\Harold A. Baker
_____
Harold A. Baker
United States District Judge

5